BELTON & TEMPLE TRACTION COMPANY v. ALBERT HENRY.

Decided February 13, 1907.

**1.—Charge—Requested Instruction.**

It is proper to refuse a requested instruction where the principle embraced is covered by the charge drawn by the court.

**2.—Newly Discovered Evidence—Diligence.**

Newly discovered evidence is not ground for a new trial where no diligence was exercised to ascertain it in time, as where the witness was in attendance but compelled to leave before testifying, and no inquiry was made as to the facts which it was now asserted that he could prove.

Appeal from the County Court of Bell County. Tried below before Hon. W. R. Butler.

Appellant claimed that damages recovered for hogs of plaintiff drowned in the overflow were not proximately caused by the embankment of defendant's road because the water at the point in question was not backed up thereby but came from overflow of a stream not affected by such embankment. The question presented was one of fact.

Witness Cole, whose newly discovered evidence was made ground for a motion for new trial, was present as a witness and did not disclose his knowledge of such facts to defendant's counsel, who talked with

him, but did not show what inquiries he made in reference thereto. The witness was called away and did not testify.

*G. M. Felts* and *J. P. Kinnard,* for appellant.

*John B. Durrett,* for appellee.

EIDSON, Associate Justice.—This is an action brought in the court below by the appellee against appellant for damages by reason of an overflow of appellee's land, alleged to have been caused by the negligent and improper construction of appellant's roadbed or embankment. Upon a trial before a jury verdict and judgment were rendered and entered in favor of appellee for the sum of $228.

The second paragraph of the court's charge complained of in appellant's first assignment of error, is not subject to the criticisms urged against it. It, in substance, instructs the jury to find for the defendant, if they believe from the evidence that the overflow of appellee's land was not caused by appellant's embankment, which was proper, and the special charge requested by appellant and refused by the court was practically the same as the paragraph of the main charge just referred to; hence its refusal was not error. The damages pleaded and for which recovery was had were the proximate result of the failure of appellant to properly construct its embankment, and hence were not too remote.

There was no error in the action of the trial court in overruling appellant's motion for a new trial based upon alleged newly discovered evidence, as it appears from the record that appellant and its attorney failed to use any diligence in discovering said evidence, or in producing the same upon the trial.

While there was a conflict in the testimony, we think the verdict and judgment are amply supported by testimony.

The judgment of the court below is affirmed.

*Affirmed.*